UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x        11 Civ. 3842 (JBW)(RML)
KAREEM DAVIS,
      Plaintiff,
                AMENDED COMPLAINT
 -against-
                JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE
JOHN DOE, POLICE OFFICER LEON
PEDIGO (Shield # 18445), SERGEANT
ERICK NOLAN (Tax # 924256) and POLICE
OFFICER DANIELLE ROMANO (Tax #
935390),
      Defendants.
--------------------------------------------------------x

Plaintiff KAREEM DAVIS (hereinafter "plaintiff"), by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, DETECTIVE JOHN DOE, POLICE OFFICER LEON PEDIGO (Shield # 18445), SERGEANT ERICK NOLAN (Tax # 924256) and POLICE OFFICER DANIELLE ROMANO (Tax # 935390) (collectively referred to as the Defendants), upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction

          of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. Plaintiff is a resident of the County of Queens, City and State of New York. Plaintiff is a black male of full age.

6. At all relevant times, DETECTIVE JOHN DOE, POLICE OFFICER LEON PEDIGO (Shield # 18445), SERGEANT ERICK NOLAN (Tax # 924256) and POLICE OFFICER DANIELLE ROMANO (Tax # 935390) (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

7. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

8. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police

|   |   |
|---|---|
|   | Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. |
| 9. | Plaintiff sues all defendants in their individual and official capacities. |

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

|   |   |
|---|---|
| 10. | On or about November 11, 2010, at approximately 07:00 p.m., on Fountain Avenue, at, within or close to its intersection with Linden Boulevard, in Kings County, New York State (hereinafter "subject location"), the plaintiff was falsely arrested, and/or caused to be arrested without probable cause, by the defendant officers. |
| 11. | At the time of the above-referenced arrest, the plaintiff was operating a vehicle, when he was pulled over by the defendant officers. At the time the defendant officers pulled over the plaintiff, the plaintiff was instructed by the defendant officers to produce his driver's license and the vehicle registration document of the vehicle he was operating. The plaintiff complied and gave the defendant officers his driver's license and the vehicle registration document of the vehicle he was operating. |
| 12. | After the plaintiff gave the defendant officers his driver's license and the vehicle registration document of the vehicle he was operating, he was then instructed by said officers to "get out of the car". The plaintiff inquired why, and was told that he had made an illegal u-turn. |
| 13. | The plaintiff responded that that was untrue, and even if it was true, that that did not justify him being instructed to exit his vehicle. |
| 14. | The plaintiff was then told by the defendant officers that the reason he was being instructed to get out of his vehicle was because the defendant officers had smelled alcohol on his breath, and as such, he was required to take a breathalyzer test because he (the plaintiff) was drunk. |
| 15. | The plaintiff responded that he was not drunk, and in fact had not been drinking. The defendant officers then responded by instructing the plaintiff to "get out of the car, I am giving you a direct order", following which the plaintiff was manhandled out of the vehicle he was operating. |

16. At the same time that the plaintiff was grabbed and man-handled out of the vehicle he was operating, fearing for his safety, he (the plaintiff) attempted to call his wife with his cellular phone, in order to inform and alert her of the illegal actions of the defendant officers. The plaintiff's cellular phone was taken forcibly away from him by the defendant officers.

17. After the plaintiff was removed from the vehicle he was operating, he was handcuffed by the defendant officers, and made to wait by the trunk of his vehicle while his vehicle was illegally searched by the defendant officers. Nothing illegal was found within the vehicle that the plaintiff was operating.

18. The plaintiff's person was also illegally searched, following which the defendant officers found a painkiller pill that had been prescribed to the plaintiff by his dentist, due to the fact that the plaintiff had recently had dental surgery, approximately two (2) days prior to the incident. The plaintiff informed the defendant officers of that fact, and indeed displayed the gauze that he had in his mouth to the officers, as evidence of the fact of his surgery.

19. The defendant officers ignored the plaintiff, and thereafter transported him to a police precinct. Upon arrival at the police precinct, the plaintiff was placed in a jail cell. The plaintiff was then made to wait at the precinct until approximately 11:30 p.m. on November 11, 2010, at which time he was interrogated by defendant Detective John Doe, who asked him questions about any involvement he may have had with respect to an unrelated incident.

20. The plaintiff was told by Detective John Doe that the real reason he was arrested was so that he (the plaintiff) could be questioned about any involvement he may have had with respect to the unrelated incident. The plaintiff was also told by Detective John Doe that he had first spotted the plaintiff when he was driving, but was unable to pull him over because he (the questioning detective) did not have his weapon on him at that time, and that as such, he had requested that the uniformed defendant officers who had initially pulled him (plaintiff) over do so.

21. The plaintiff denied any involvement with respect to the unrelated incident he was being questioned about, and after approximately forty-five minutes of the illegal interrogation, defendant Detective John Doe ended said interrogation.

22. The plaintiff was thereafter processed, by being fingerprinted and photographed.

23. At approximately 08:00 a.m. on November 12, 2010, the plaintiff was transported to Central Booking located at downtown Brooklyn on Schermerhorn Street.

24. At approximately 11:30 p.m. on November 12, 2010, the plaintiff was arraigned before a judge on the completely false and trumped up charges of "Failure to Give Appropriate Signal to Turn" (NYS VTL §1163(A)).

25. At arraignment, the matter was adjourned in contemplation of dismissal (ACD), and the claimant was released.

26. The Kings County Criminal Court Docket number was 2010KN090096.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

27. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as though fully set forth herein.

28. The above-described arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

29. As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

30. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

31. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

### CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

32. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.
33. Following the plaintiff's arrest, the defendants searched the plaintiff and the vehicle he was operating without any individualized reasonable suspicion that he was concealing weapons or contraband.
34. As a result of the foregoing, the plaintiff was subjected to illegal and improper searches.
35. The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.
36. As a consequence of said defendants' actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

37. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.
38. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.
39. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

40. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

41. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.
42. The individual defendants created false evidence against the plaintiff.
43. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the New York County District Attorney's office.
44. The individual defendants provided false testimony throughout the criminal proceedings.
45. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.
46. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

### CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT, AND UNLAWFUL SEARCH, PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION

47. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. The above-described respective arrest, search, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

49. As a result of the plaintiff's above-described false arrest, search and imprisonment, he was caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

50. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

51. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

52. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

53. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

54. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

    a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

    b. manufacturing evidence against individuals allegedly involved in illegal acts; and

    c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

56. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

57. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

58. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but

not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a)     The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b )    The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)     The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

60.     As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

61.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

62.     The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

63. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;
3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       January 20, 2012

LAW OFFICES OF WALE MOSAKU, P.C.

By:           /s/

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Deborah Mbabazi, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendant(s)
City of New York and Police Officer Leon Pedigo (Shield # 18445)
100 Church Street
New York, N.Y. 10007
(212) 442-2380

Sergeant Erick Nolan (Tax # 924256)
Defendant Pro Se

New York City Police Department
PSA 2 Command
560 Sutter Avenue
Brooklyn, New York 11207

Police Officer Danielle Romano (Tax # 935390)
Defendant Pro Se
New York City Police Department
PSA 2 Command
560 Sutter Avenue
Brooklyn, New York 11207